UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. CV 23-1981-MWF (Ex) | Date: July 10, 2023 |

Title: Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [7]; GRANTING PLAINTIFFS' MOTION TO REMAND [10]

Before the Court are two motions:

First, there is the Motion to Remand Case to Los Angeles Superior Court (the "MTR"), filed by Plaintiffs Esperanza Asberry, Samuel Asberry, Jr., Candis Ashberry on April 18, 2023.  (Docket No. 10).  On May 21, 2023, Defendants Brius Management Co. ("Bruis") and Centinela Skilled Nursing and Wellness Centre West, LLC ("Centinela") (collectively "Defendants") filed an Opposition.  (Docket No. 13).  On May 26, 2023, Plaintiffs filed a Reply.  (Docket No. 14).

Second, there is Defendants' Motion to Dismiss (the "MTD"), filed on March 27, 2023.  (Docket No. 7).  On April 17, 2023, Plaintiffs filed an Opposition.  (Docket No. 9).  On May 29, 2023, Defendants filed a Reply.  (Docket No. 15).

The Motion was noticed to be heard on **June 12, 2023**.  The Court read and considered the papers on the Motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motions are ruled upon as follows:

---

**CIVIL MINUTES—GENERAL**                                                                                   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 23-1981-MWF (Ex)                    Date:  July 10, 2023
Title:  Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

- The Motion to Remand is **GRANTED**.  As Defendants' counsel is well aware, Ninth Circuit precedent wholly disposes of all three bases upon which Defendants' assert subject-matter jurisdiction.  Because there is neither federal-officer jurisdiction, nor complete preemption, nor an embedded federal question raised by Plaintiff's claims, the Court lacks federal question subject-matter jurisdiction over this action.  And there is no suggestion made by the parties that diversity jurisdiction exists.  The Court also notes that the Notice of Removal was procedurally defective, further warranting remand even if the Court had jurisdiction, because not all of the named Defendants have joined the Notice of Removal and removing Defendants fail to affirmatively explain the absence of joinder in the Notice of Removal.

- Because the Court lacks jurisdiction over the action, the Motion to Dismiss is **DENIED** *as moot*.

I.   **BACKGROUND**

This action arises from Samuel Asberry's ("Decedent") death while living at a nursing home facility.  (Notice of Removal ("NOR"), Ex. A (Complaint) (Docket No. 1).  Plaintiffs are Decedent's surviving spouse and children.  (Complaint ¶¶ 1-5). Defendants include removing-Defendants Centinela and Brius, who allegedly operate the relevant nursing home, as well as non-removing individual Defendants, Mohsen Mobasser and Marie Faye Sorianosos, who allegedly worked at, and served as administrators for, the nursing home.  (*Id.* ¶¶ 6-10).

The essence of the Complaint is that Defendants owed Decedent a duty of care and breached that duty by failing to provide necessary care to prevent Decedent's death.  Decedent was 81 years old and placed in the nursing home for physical therapy, blood pressure regulation assistance, and treatment and car for symptoms of dementia and strokes.  (*Id.* ¶ 30).  Plaintiffs allege that among other things, Defendants failed to provide Decedent with basic and necessary hygienic care, failed to implement policies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1981-MWF (Ex)          **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

and procedures necessary to prevent Decedent's exposure to illnesses and infections, withheld necessary or appropriate care and treatment once Decedent developed illnesses and infections, and failed to report changes of Decedent's conditions to Decedent's family. (*Id.* ¶ 48). Plaintiffs allege that Decedent died on April 29, 2020, "due to the conduct" of Defendants, but the Complaint does not provide the biological cause of death. (*See id.* ¶ 35).

Based on the above allegations, Plaintiffs filed an action in the Superior Court of the State of California, County of Los Angeles, asserting the following four state law claims against Defendants: (1) wrongful death (elder abuse); (2) violations of Elder Abuse Act (Wel. & Inst. Code § 15600 *et seq*.); (3) violations of the Health and Safety Code section 1430(b); and (4) wrongful death (negligence).

Defendants Centinela and Brius were served with the Complaint on February 16, 2023, and only those two Defendants filed a Notice of Removal, removing this action to the Central District on March 20, 2023. (*See* NOR ¶ 2). Defendants Centinela and Bruis do not mention whether the other named Defendants were served while this action was pending in state court nor do they mention if the other named Defendants consent or join in the removal. In the NOR, Defendants Centinela and Brius claim that this Court has subject-matter jurisdiction because Plaintiffs' claims "arise under" federal law. (*Id.* ¶ 9). Within 30 days after removal, Plaintiffs filed their MTR on April 18, 2023. (MTR (Docket 10)).

**II.      LEGAL STANDARD FOR MOTION TO REMAND**

Courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1981-MWF (Ex)           **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

    "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)). The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).

    "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

    However, under the doctrine of complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64. "[E]ven if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing *Metropolitan Life*, 481 U.S. at 63–64).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 23-1981-MWF (Ex)                         Date:  July 10, 2023
Title:  Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

### III.   DISCUSSION

The parties filed competing motions regarding the claims asserted against Defendants.  In the MTD, Defendants argue that they are immune from Plaintiffs' claims under the federal Public Readiness and Emergency Preparedness Act ("PREP Act"), primarily based on facts that appear nowhere in the actual Complaint (namely, that Plaintiffs' claims necessarily arise based on Defendants' apparent use of medical countermeasures to COVID-19).  (MTD at 5).  In the MTR, Plaintiffs argue that the Court lacks subject-matter jurisdiction over the state law claims pled in the Complaint and that the PREP Act does not apply.  (*See generally*, MTR).

The Court first considers the MTR because it concerns the Court's jurisdiction over this action.

#### A.   Motion to Remand

A lengthy analysis is unnecessary here given at least seven other district courts have previously granted motions to remand actions removed from state court by the same defense counsel in this action based on highly similar (if not identical) facts and arguments.  *See Sigala by & through Sigala v. Oxnard Manor*, LP, No. CV 22-02003-MEMF (MARx), 2022 WL 2315778, at *1 (C.D. Cal. June 27, 2022); *Shumlai v. Glad Invs., Inc.*, No. CV 22-00363-DAD-DMC, 2022 WL 17632616, at *1 (E.D. Cal. Dec. 13, 2022); *Martinez v. Novato Healthcare Ctr., LLC*, No. CV 21-09547-HSG, 2022 WL 2981825, at *1 (N.D. Cal. July 28, 2022); *Westbrook v. San Pablo Healthcare & Wellness Ctr.*, No. CV 21-06474-JD, 2022 WL 2072933, at *1 (N.D. Cal. June 9, 2022); *Thomas v. Pomona Healthcare & Wellness Ctr.*, No. CV 22-00179-SVW (PLAx), 2022 WL 845349, at *1 (C.D. Cal. Mar. 22, 2022); *Khan v. Riverside Healthcare*, No. CV 22-00526-JLS (MARx), 2022 WL 2976925, at *2 (C.D. Cal. June 3, 2022); *Rogers by & through Rogers v. Lawndale Healthcare & Wellness Ctr., LLC*, No. CV 21-3922-FMO (MARx), 2022 WL 1814442, at *1 (C.D. Cal. May 3, 2022).

The reason each district court has readily come to the same conclusion is because the Ninth Circuit has squarely rejected each argument raised by Defendants in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1981-MWF (Ex)          **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

*Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 689 (U.S. 9th Cir. 2022), *cert. denied*, 143 S. Ct. 444 (2022), and California district courts are of course bound by the dispositive Ninth Circuit precedent on the issues raised by the NOR.  Indeed, in the Opposition to the MTR, Defendants note that they "are aware that this Court is bound by Ninth Circuit precedent in *Saldana*" but that "Defendants disagree with the holding in *Saldana*" and Defendants "intend[] [to] exercise [their] right to appeal," and seek to "overturn *Saldana* and/or obtain[] writ of certiorari in the United States Supreme Court regarding the same."  (MTR Opp. at 5).  Although Defendants contend that they also view the facts as distinguishable from those in *Saldana*, Defendants do not actually advance any principled argument for drawing any such distinction.  Rather, the arguments in the Opposition merely regurgitate the exact arguments rejected in *Saldana* and fail to offer any good-faith basis for this Court to decline to follow binding precedent.

      Just like the nursing-home-facility defendant in *Saldana*, Defendants assert the following three grounds for this Court to exercise federal question subject-matter jurisdiction over this action:  (1) federal officer jurisdiction; (2) the doctrine of complete preemption; and (3) the embedded federal question doctrine.  (MTR Opp. at 5).  As will be discussed, the *Saldana* court already rejected each of these arguments.

      *First*, Defendants argue that they were "acting under" federal officer direction in carrying out the actions described in the Complaint.  (MTR Opp. at 5-7).  Defendants' argument is based on the fact that during the relevant time they were subject to intense regulation concerning their response to the COVID-19 pandemic.  Defendants acknowledge that the Supreme Court has held that "go[ing] beyond simple compliance with the law" is a prerequisite for a private entity to be considered as "acting under" a federal officer.  (*Id.* at 6) (citing *Watson v. Philip Morris Co.*, 551 U.S. 142 (2007)).  Nonetheless, Defendants contend that they went beyond compliance with the law because Defendants received communications from the Centers for Disease Control and Prevention and Centers for Medicare & Medicaid Services that were in the form of "recommendations" outlining what Defendants should do.  This argument fails given the Ninth Circuit rejected this precise argument in *Saldana*.  *See* 27 F.4th at 688

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1981-MWF (Ex)          **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

(concluding that "all that [the nursing facility defendant] ha[d] demonstrated [wa]s that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies," which did not amount to "'acting under' a federal officer or agency as contemplated by the federal officer removal statute").

Defendants also contend that they are akin to government contractors conscripted to carry out governmental duties, such as in the context of private contractors asked to manufacture equipment and/or products for the military. (MTR Opp. at 7). While Defendants vaguely suggest that that they entered a contractual relationship with the federal government, Defendants never elaborate on this alleged government contract. They do not explain what they were contracted to do, who contracted with them, or what the contract required. To the extent any such contract exists, Defendants altogether fail to establish a causal nexus between the contract and the alleged wrongdoing sufficient to support federal-officer removal. Indeed, in the Opposition, Defendants admit that they "do not mostly rely on their original contractual relationship, but to the paradigm shift in regulation and compliance after the commencement of the pandemic." (*Id*. at 7). In other words, Defendants' argument still boils down to the contention that they were "acting under" a federal officer for purposes of removal because they were subject to intense regulation during the height of the pandemic. As such, Defendants' arguments are no more developed or compelling than those rejected in *Saldana*. *See* 27 F.4th at 685-86 ("[The nursing facility defendant] has failed to substantiate its claims that it was conscripted to assist a federal officer or agency in performance of a government duty or that it was authorized to act for a federal officer.").

***Second***, Defendants next argue that the PREP Act completely preempts state law, and therefore, Plaintiffs' claims are necessarily federal claims. (MTR Opp. at 8). Again, this argument was directly addressed and rejected by *Saldana*. In *Saldana*, The Ninth Circuit explicitly considered whether the PREP Act completely preempted the plaintiffs' wrongful death action against a nursing home that allegedly failed to protect a resident from COVID-19. 27 F.4th at 687-688. After conducting the two-part test

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1981-MWF (Ex)          **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

for complete preemption articulated in *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020), the panel held that "the PREP Act is not a complete preemption statute." *See id.*; *see also Herring v. Californian-Magnolia Convalescent Hosp., Inc.*, No. ED CV 22-44 JGB (KKx), 2022 WL 743515, at *2–3 (C.D. Cal. Mar. 11, 2022) (summarizing *Saldana's* complete preemption analysis). Moreover, because the claimed jurisdictional basis for removal was complete preemption, *Saldana* held that the district court properly remanded for lack of subject-matter jurisdiction, even if the PREP Act might have preempted the plaintiff's claim based on willful conduct. *Id.* at 688.

At the outset the Court notes that Defendants' attempt to "distinguish" this action from *Saldana* based on the fact that there are allegations that Defendants acted "willfully," is a red herring. (MTR Opp. at 5). In fact, the plaintiffs in *Saldana* expressly brought a claim for "willful misconduct," whereas here Plaintiffs **do not** bring a claim for willful misconduct, and the only allegations regarding willful misconduct involve allegations supporting a prayer for punitive damages (which, notably can be awarded on a finding of recklessness, which *Saldana* explained would not be preempted by the PREP Act). *Compare Saldana*, 27 F.4th at 683 ("The complaint states four state-law causes of action: elder abuse, willful misconduct, custodial negligence, and wrongful death.") *with* Complaint ¶¶ 37-96 (asserting state-law causes of action for wrongful death based on elder abuse and negligence). Unsurprisingly, Defendants do not expand on this distinction in any meaningful way in the Opposition.

Instead, Defendants spend most of the Opposition disagreeing with *Saldana's* holding that the PREP Act is not a complete preemption statute. (*See* MTR Opp. at 8-12). Defendants also contend that because the *Saldana* court recognized that the PREP Act **may** serve to preempt the plaintiff's claim for willful misconduct, the court necessarily was wrong to conclude that the action was not entirely removable. (*Id.* at 13) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983) and *Conn. State Dental Ass'n*, 591 F.3d 1337, 1353 (11th Cir. 2009)). Not true. *Franchise* and *State Dental* stand for the proposition that ***if*** a defendant establishes that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-1981-MWF (Ex)            **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

one of the claims in a state court complaint "arises under" federal law despite the well-pleaded complaint rule (i.e., it is governed by a complete preemption statute or raises an embedded federal question), ***then*** the whole action is removable. Here, Defendants have not established that any of Plaintiffs' claims are governed by a complete preemption statute or raise an embedded federal question. Therefore, the fact that Plaintiffs' prayer for damages (not even a claim), arguably based on willful conduct *may* be preempted puts this action directly within the reach of the general, well-established rule that affirmative defenses — even preemption — do not create federal question subject-matter jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption[.]").

     ***Third***, and finally, Defendants have not established that the embedded federal question doctrine set forth in *Grable & Sons Metal Prods. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005) applies. Defendants fail to demonstrate that resolution of ***Plaintiffs' claims*** necessarily requires resolution of a federal question. Plaintiffs' claims are firmly premised on violations of state law. Any question regarding the PREP Act would only be raised by Defendants' affirmative defense of preemption, not Plaintiffs' claims. Defendants contend that the Ninth Circuit disregarded *City of Oakland* by concluding that the embedded question doctrine cannot involve a federal question that is embedded in an affirmative defense. (MTR Opp. at 17) (citing 969 F.3d at 904). Again, Defendants are wrong. *City of Oakland* simply explained that the embedded question doctrine is an exception to the well-pleaded complaint rule; it did not hold that the federal question can be embedded in an affirmative defense. Of course, any such holding would run headlong into the general rule that absent complete preemption, a potential preemption defense (which will necessarily raise a federal law issue), does not confer federal question subject-matter jurisdiction on federal district courts. Defendants' veiled attempt to overturn decades of well-established precedent on that point is unavailing.

     In sum, Defendants know that each of their arguments is precluded by *Saldana* and merely seek to use this action as a means of eventually petitioning the Supreme

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1981-MWF (Ex)          **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

Court for a writ of certiorari to overturn *Saldana*, despite the fact that the Supreme Court already denied certiorari in *Saldana* itself. Whatever success Defendants may have in the future, this Court is currently bound by *Saldana* and independently finds *Saldana's* reasoning persuasive.

Accordingly, the MTR is **GRANTED** because the Court lacks subject-matter jurisdiction.

The Court notes that even if the Court were to conclude it has jurisdiction (it does not), there is yet another reason to remand — the NOR is procedurally defective. In the MTR, Plaintiffs point out that "it is unclear whether all parties that have been served with the Complaint and Summons have also joined Defendants' Notice of Removal." (MTR at 10-11) (citing 28 U.S.C. § 1446(b)(2)(A)); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute on other grounds* ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal.")). Plaintiffs' MTR was brought within 30-days of removal, and therefore, Plaintiffs were free to raise such a procedural defect as a reason to remand. Not only do Defendants entirely fail to mention the non-removing Defendants in the NOR itself, but Defendants also fail to respond to Plaintiffs' argument in the Opposition to the MTR.

Under the removal statute, all defendants properly joined and served in the state action must consent to or join in a removal to federal court. 25 U.S.C. § 1446; *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). "The failure to include all defendants properly joined and served in the state action renders the notice of removal defective." *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 849 (E.D. Tex. 2012). While courts may disagree as to what constitutes sufficient evidence of consent, "all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves." *Terteling v. Terteling*, No. CV 22-00271-CWD, 2022 WL 9327714, at *3 (D. Idaho Oct. 14, 2022) (citing *Dubon v. HBSC Bank Nevada*, N.A., No. 05-2799-SC, 2005 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005)); *see also Roe v. O'Donohue*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 23-1981-MWF (Ex)            **Date:** July 10, 2023

**Title:** Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

---

38 F.3d 298, 301 (7th Cir. 1994) (finding that a notice of removal stating that "[a]ll other defendants . . . have stated that they do not object to the removal" was "deficient"). Here, the non-removing Defendants have not even entered an appearance, let alone expressed their consent to join in the removal.

    And even if the non-removing Defendants were not properly served in state court or some other reason exists to excuse their lack of consent to the removal, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Terteling*, 2022 WL 9327714, at *3 (citing *Prize Frize*, 167 F. 3d at 1266); *see also Sotelo v. Browning-Ferris Indus. of California, Inc.*, No. CV 20-06927-SB (PVCx), 2020 WL 7042816, at *3 (C.D. Cal. Nov. 30, 2020) (concluding that a notice of removal was facially defective and removal was improper where, despite the defendants arguments regarding improper service on the non-moving defendants, the notice of removal made no reference whatsoever to the other named defendants in the action and failed to affirmatively explain the service issue); *Garcia-Pardini v. Metro. Life Ins. Co.*, No. C-01-0088-VRW, 2001 WL 590037, at *2 (N.D. Cal. May 17, 2001) (rejecting explanation filed in opposition to remand motion despite raising "serious questions" about service).

    Nonetheless, because the Court has an obligation to assess its jurisdiction over an action and because jurisdiction was the primary basis for Plaintiffs' MTR, the Court reached the substantive issue of subject-matter jurisdiction despite this procedural defect. And because the Court concludes that it lacks subject-matter jurisdiction, it seems to the Court that it is without power to expressly rule on the procedural issue. But the Court raises the issue simply to note that even if Defendants had successfully established that *Saldana* does not require remand on jurisdictional grounds, the Court would nonetheless remand based on this entirely unaddressed and blatant procedural defect raised by Plaintiffs in the MTR.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 23-1981-MWF (Ex)                    Date:  July 10, 2023

Title:  Esperanza Asberry et al v. Centinela Skilled Nursing and Wellness Centre West, LLC et al

**B.    Motion to Dismiss**

Because the Court determines it does not have jurisdiction over this action, the MTD is **DENIED** *as moot*.

**IV.    CONCLUSION**

The Motion to Remand is **GRANTED** and the Court directs the Clerk to **REMAND** this action to the Los Angeles Superior Court.  The Motion to Dismiss is **DENIED** *as moot*.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.